938 P.2d 1234

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Clyde Leon GETT, Defendant–Respondent.**

No. 22166.

Supreme Court of Idaho,
Boise, March 1997 Term.

June 6, 1997.

Alan G. Lance, Attorney General, Thomas P. Watkins (argued), Deputy Attorney General, Boise, for plaintiff–appellant.

Terry S. Ratliff, Boise, for defendant–respondent.

McDEVITT, Justice.

The State of Idaho (State) appeals the decision of the district court dismissing the charges against respondent Clyde Gett (Gett). Gett was charged with manufacturing a controlled substance, I.C. § 37–2732(a)(1)(B), and with failure to affix a drug tax stamp to a controlled substance, I.C. §§ 63–4204 and 63–4207.

## I.

### FACTS AND PRIOR PROCEEDINGS

On July 19, 1993, a search warrant was executed on the residence of Gett and his girlfriend Lois Jean which was located approximately seven miles east of Salmon, Idaho in Lemhi County. Over 100 growing marijuana plants were discovered in a shed located beside Gett's residence. There were no drug tax stamps affixed to the marijuana plants that were found in the shed.

On July 20, 1993, a "Notice of Jeopardy Assessment and Demand for Immediate Payment (Controlled Substance Tax)" (notice of jeopardy assessment) was entered by the Idaho State Tax Commission (Commission) against Gett pursuant to the Illegal Drug Stamp Tax Act, I.C. §§ 63–4201 through 63–4211. The notice of jeopardy assessment stated that the Commission

hereby finds that on 7/19, 1993, the above-named taxpayer was in possession of a controlled substance, which did not bear Idaho Illegal Drug Tax Stamps as required by Idaho Law.

The Idaho State Tax Commission further declares a jeopardy assessment pursuant to Idaho Code 63–4208. The Commission hereby declares the tax identified below, immediately due and payable. It fixes the tax due and hereby assesses the same together with penalty. The Commission gives notice of deficiency and demands immediate payment thereof in the following amount....

The foregoing amount is immediately due and payable and action to collect it may be taken immediately by the State Tax Commission. Your right to protest or appeal this assessment is explained in the Idaho Code section reproduced on the back of this form. Such a protest or appeal will not delay collection action by the Commission. If you wish to protest or appeal, you must do so within thirty (30) days of your receipt of this notice, however a protest will not prevent collection procedures.

The Commission filed a notice of state tax lien against Gett pursuant to the notice of jeopardy assessment in the amount of $238,-700 on July 20, 1993. Gett filed a petition for redetermination on August 18, 1993, requesting the Commission redetermine the notice of jeopardy assessment and tax lien filed against him.

On November 17, 1993, the Commission entered a Notice of Seizure indicating several guns were seized from Gett. On March 30, 1995, the Commission entered a decision withdrawing the notice of jeopardy assessment against Gett and returning all property seized from Gett.

On April 4, 1995, Gett filed a motion to dismiss the criminal charges against him on the grounds that continued prosecution of the charges against him would constitute a violation of I.C. § 18–301 (repealed 1995), the

double jeopardy clause as guaranteed by article I, section 13 of the Idaho Constitution, and the fifth amendment to the United States Constitution. Gett argued in his motion that the notice of jeopardy assessment and tax lien constituted punishment for purposes of double jeopardy analysis.

On April 27, 1995, the district court dismissed the charges against Gett on the grounds that prosecuting Gett constituted double jeopardy under the fifth amendment to the United States Constitution, article I, section 13 of the Idaho Constitution, and I.C. § 18–301. The district court found that the notice of jeopardy assessment imposed upon Gett was punishment for double jeopardy purposes since a notice of jeopardy assessment is made only in connection with illegal activity and is based on property which the person does not lawfully possess. The State appealed to this Court.

## II.

### JEOPARDY DID NOT ATTACH WHEN THE COMMISSION ENTERED THE NOTICE OF JEOPARDY ASSESSMENT

The district court found that the notice of jeopardy assessment raised "a double jeopardy bar to the present criminal action. The making of the assessment is a determination of liability or culpability, i.e., that a punishment shall be imposed. When a determination of liability or culpability has been made, then, 'attachment' of jeopardy has occurred."

Pursuant to I.C. § 63–4208(2)(b), Gett filed within thirty days after receiving the notice of jeopardy assessment a petition for redetermination of the tax and penalty assessment. Under I.C. § 63–4208(2)(b), collection procedures were not stayed pending the Commission's consideration of Gett's petition for redetermination. Since Gett filed a petition for redetermination the notice of jeopardy assessment did not become final. The notice of jeopardy assessment would not become final until thirty days after the decision on redetermination, I.C. § 63–4208(2)(c).

Until the notice of jeopardy assessment became final, the Commission could not sell any property that was seized from Gett pursuant to the tax lien, unless Gett consented, the expenses of maintaining the property gravely reduced the net proceeds of a sale, or the property was perishable. I.C. § 63–4208(2)(d).

By filing a petition for redetermination Gett prevented the notice of jeopardy assessment from becoming final. The Commission's decision on redetermination withdrawing the notice of jeopardy assessment and returning Gett's property which was seized, but not sold, prevented the notice of jeopardy assessment from becoming final. Gett was never put in jeopardy.

The district court's finding that the notice of jeopardy assessment constituted a determination of culpability was erroneous. The district court should have found that jeopardy did not attach once a notice of jeopardy assessment was served. The Illegal Drug Stamp Tax Act provides a means for challenging a notice of jeopardy assessment and provides for a hearing on a defendant's petition for redetermination. I.C. § 63–4208(2)(c). There was no hearing or decision on redetermination prior to the Commission's decision dismissing the notice of jeopardy assessment against Gett. Jeopardy did not attach when the Commission entered the notice of jeopardy assessment.

## III.

### CONCLUSION

The decision of the district court finding that jeopardy attached once the Commission entered the notice of jeopardy assessment is reversed and this case is remanded for proceedings consistent with this opinion.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.